IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ORAL GIVAN, <br><br> PLAINTIFF, <br><br> V. <br><br> CREATIVE INNOVENTURES LLC d/b/a FLOSS 365 DENTAL and LECHANDRE WADLEY, <br><br> DEFENDANTS. | Civil Action No.: <br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Oral Givan ("Plaintiff"), by and through the undersigned attorney, brings this action against Defendants Creative Innoventures LLC d/b/a Floss 365 Dental and LeChandre Wadley (collectively "Defendants") for failure to pay Plaintiff minimum wage as required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and at a rate of one-and-one-half his regular rate of pay for all hours worked in excess of 40 hours per week. Additionally, Plaintiff asserts state law claims of breach of contract and quantum meruit pursuant to O.C.G.A. § 9-2-7. Plaintiff shows the Court as follows:

1

## **PARTIES**

1. At all relevant times, Plaintiff was a resident of the state of Georgia and submits himself to the jurisdiction of the Court.

2. Defendant Creative Innoventures LLC is a domestic limited liability company with its principal place of business located at 425 Ernest Barrett Parkway, Suite 4060, Kennesaw, GA 30144.

3. Defendant Creative Innoventures LLC may be served with process through its Registered Agent, LeChandre Wadley, 425 Ernest Barrett Parkway, Suite 4060, Kennesaw, GA 30144.

4. At all relevant times, Defendant Creative Innoventures LLC has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 *et seq*.

5. At all relevant times, Defendant Creative Innoventures LLC has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have ben moved in or produced for commerce by any person."

6. On information and belief, at all relevant times, Defendant Creative Innoventures LLC has had an annual gross volume of sales or business done in excess of $500,000.

7. At all relevant times, Defendant Creative Innoventures LLC has had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

8. At all relevant times, Defendant Creative Innoventures LLC was an "employer" of Plaintiff as that term is defined by 29 U.S.C. § 203(d).

9. Defendant Creative Innoventures LLC is governed by and subject to 29 U.S.C. § 206 and 29 U.S.C. § 207.

10. Defendant LeChandre Wadley owns and operates Creative Innoventures LLC d/b/a Floss 365 Dental. Defendant LeChandre Wadley acts directly or indirectly on behalf of Creative Innoventures LLC and exercises day-to-day control over the operations and pay practices of Creative Innoventures LLC. Defendant LeChandre Wadley is an employer within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3) and Local Rule 3.1(B)(3), venue is proper because the unlawful employment practices giving rise to the Plaintiff's claims occurred in this judicial district and division.

**FACTUAL ALLEGATIONS**

13. At all relevant times, Plaintiff was employed by Defendant Creative Innoventures LLC d/b/a Floss 365 Dental.

14. Floss 365 Dental is a family and cosmetic dental practice.

15. Defendant LeChandre Wadley is the sole dentist at Floss 365 Dental.

16. Defendants misclassified Plaintiff as an independent contractor rather than an employee and did not pay him the federal minimum wage and/or one-and-one-half his regular rate for all hours worked in excess of 40 hours per week.

17. Plaintiff began his employment with Defendant Creative Innoventures LLC on or about March 2020.

18. Plaintiff's worked at Defendant Creative Innoventures LLC until on or about March 2022.

19. During Plaintiff's employment with Defendants he was responsible for maintenance, billing, collections, and processing insurance claims, among other things.

20. One of Plaintiff's main responsibilities included processing insurance claims by calling the insurance companies of Defendants' patients prior to the patients receiving dental care, most of which were located out of state, and talking to insurance representatives to determine the level of dental coverage of the patients.

21. Once the dental procedures were completed, Plaintiff would then submit the insurance claims to a third-party administrator that would then process the documentation for each patient in order to obtain payment from the insurance companies.

22. Plaintiff had nearly daily telephone calls and correspondence with out-of-state representatives of both the insurance companies and the third-party administrator.

23. Plaintiff reported directly to Defendant LeChandre Wadley.

24. Defendants directly and indirectly controlled the employment relationship.

25. Plaintiff worked in office space provided by Defendant Creative Innoventures LLC.

26. Plaintiff did not have prior experience working at a dental practice.

27. Plaintiff took direction from Defendant LeChandre Wadley and completed the tasks that she asked him to complete.

28. Plaintiff used computer equipment provided by Defendants.

29. Plaintiff did not have other employment during his employment with Defendants.

30. Plaintiff worked a significant number of hours for Defendants in order to get the dental practice up and running to the point where he compromised his health working excessive hours.

31. Plaintiff estimates that he worked 50-60 hours per week most weeks.

32. Plaintiff and Defendant LeChandre Wadley entered into an oral contract that Plaintiff would be paid $16/hour at the beginning of his employment and then his hourly rate would increase substantially once the practice was more profitable. Specifically, once the practice reached $20,000/month net income Plaintiff's hourly rate would increase to $18/hour, at $30,000/month his hourly rate would increase to $21/hour, and at $50,000/month his hourly rate would increase to $24-$26/hour. After that, Plaintiff would receive a percentage (15-20%) of the profit of the Company.

33. However, despite the oral contract, and at Defendant Creative Innoventures LLC's profitability increasing substantially, Plaintiff was only paid $336/week.

34. Defendant LeChandre promised Plaintiff that the remaining money due to him would be paid at a later date, however, to date it has not been paid.

35. There were weeks that Plaintiff worked in excess of 40 hours per workweek and weeks in which Plaintiff received compensation well below the federal minimum wage.

36. Defendants required, encouraged, and knowingly permitted Plaintiff to work below the federal minimum wage and to work overtime hours, and failed to pay Plaintiff the required minimum wage and overtime premium pay at the legally required rate when they worked overtime hours.

37. Defendants were, or should have been, aware that the FLSA requires them to pay non-exempt employees the minimum wage and overtime wages at a rate of one-and-one half their regular rate of pay for all time worked in excess of 40 hours per workweek.

38. On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs violating the FLSA.

39. Defendants' failure to pay Plaintiff wages at the rate required by the FLSA was willful and was not in good faith.

40. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wages and overtime wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs, as well as other benefits under applicable law.

## COUNT I
## WILLFUL FAILURE TO PAY MINIMUM WAGE
## IN VIOLATION OF THE FLSA

41. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

42. Plaintiff asserts this count pursuant to 29 U.S.C. § 216(b).

43. At all relevant times, Defendant Creative Innoventures LLC was an employer engaged in commerce and/or the production of goods for commerce pursuant to 29 U.S.C. §§ 203(b), 203(s)(1).

44. At all relevant times, Defendants employed Plaintiff, and Plaintiff was Defendants' employee, pursuant to 29 U.S.C. §§ 203(e), 203(g).

45. On information and belief, at all relevant times, Defendant Creative Innoventures LLC has had an annual gross volume of sales or business done in excess of $500,000.

46. Plaintiff regularly used the instrumentalities of interstate commerce in his work including the regular and recurrent use of interstate telephone, mail, and

email communication with out-of-state insurance companies and Defendants' third-party administrator.

47. The FLSA requires covered employers like Defendants to pay employees like Plaintiff federal minimum wage for hours worked. *See* 29 U.S.C. § 206(a).

48. Plaintiff does not fall under any of the exemptions to the minimum wage requirements of the FLSA. *See* 29 U.S.C. § 213.

49. Plaintiff was paid a weekly salary of $336 per week. Most weeks, Plaintiff worked over 46.35 hours meaning that for those weeks he did not receive the federal minimum wage of $7.25 per hour.

50. At all relevant times, Defendants knew that Plaintiff was not paid federal minimum wage for his work, and willfully and intentionally engaged in a widespread policy or practice of failing and refusing to pay Plaintiff the federal minimum wage. *See* 29 U.S.C. § 255.

51. Defendants were familiar with the requirements of the FLSA. Defendants' violations were willful because they knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

52. Defendants' willful failure and refusal to pay Plaintiff the federal minimum wage for hours worked violates the FLSA. *See* 29 U.S.C. § 206.

53. As a direct and proximate result of these unlawful practices, Plaintiff suffered and continues to suffer wage loss and is therefore entitled to recover unpaid minimum wages for up to three years prior to the filing of his claims, liquidated damages, pre-and post- judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT II
### WILLFUL FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

54. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

55. Plaintiff asserts this count pursuant to 29 U.S.C. § 216(b).

56. The FLSA requires covered employers like Defendants to pay employees like Plaintiff at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207.

57. Plaintiff' employment does not fall under any of the exemptions to the maximum hour requirements of the FLSA. *See* 29 U.S.C. § 213.

58. There were weeks that Plaintiff worked more than 40 hours per week for Defendants.

59. At all relevant times, Defendants did not properly compensate Plaintiff for all hours worked in excess of 40 in a workweek, as required by the FLSA.

60. At all relevant times, Defendants knew that Plaintiff worked overtime without proper compensation, and willfully and intentionally engaged in a widespread policy or practice of failing and refusing to pay Plaintiff at a rate of one-and-one-half his regular rate of pay for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 255.

61. Defendants were familiar with the requirements of the FLSA. Defendants' violations were willful because they knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

62. Defendants' willful failure and refusal to pay Plaintiff overtime pay violates the FLSA. *See* 29 U.S.C. § 207.

63. As a direct and proximate result of these unlawful practices, Plaintiff suffered and continue to suffer wage loss and is therefore entitled to recover overtime pay for up to three years prior to the filing of their claims, liquidated damages, pre- and post- judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT

64. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

65. Plaintiff and Defendant LeChandre Wadley entered into an oral contract that Plaintiff would be paid $16/hour at the beginning of his employment and then his hourly rate would increase substantially once the practice was more profitable. Specifically, once the practice reached $20,000/month net income Plaintiff's hourly rate would increase to $18/hour, at $30,000/month his hourly rate would increase to $21/hour, and at $50,000/month his hourly rate would increase to $24-$26/hour. After that, Plaintiff would receive a percentage (15-20%) of the profit of the Company.

66. Plaintiff satisfied all necessary conditions to be entitled to payment.

67. Defendants failed to pay Plaintiff in accordance with the oral contract.

## COUNT IV
## QUANTUM MERUIT
## VIOLATION OF O.C.G.A. § 9-2-7

68. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

69. To the extent the Court finds that there was not an enforceable oral contract, Plaintiff seeks to recover in quantum meruit.

70. Plaintiff performed services of value in good faith.

71. Plaintiff helped Defendants get the dental practice up and running and was a large contributor to the success of the dental practice.

72. Defendants accepted the services and retained the benefit of the services.

73. Plaintiff was not properly compensated for his services.

74. Plaintiff seeks to recover for the work and labor he performed under 40 hours per week as opposed to overtime work which is being sought in the FLSA claim.

**WHEREFORE,** Plaintiff demands a TRIAL BY JURY and the following relief:

(a) A declaratory judgment that the Defendants' practices complained of herein are unlawful under the FLSA;

(b) An award of back pay, including all lost pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(c) An award of compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(d) An award of unpaid wages for minimum wage, unpaid wages at regular hourly rate, unpaid overtime compensation, and other compensation denied or lost to Plaintiff by reason of Defendants' unlawful acts;

(e) An award of front pay, including all lost future pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount

(f) An award of liquidated and punitive damages;

(g) An award of pre-and post- judgment interest;

(h) An award of costs and expenses of this action, including reasonable attorney's and expert fees; and

(i) Such other relief as this Court deems just and proper.

Respectfully submitted, this 30th day of November, 2022.

*s/ Jackie Lee*
Jackie Lee
Georgia Bar No. 419196
jackie@leelawga.com
LEE LAW FIRM, LLC
695 Pylant Street N.E., Suite 105
Atlanta, Georgia 30306
Telephone: (404) 301-8973

**COUNSEL FOR PLAINTIFF**